## BOUGHNER v. STATE

Ohio Appeals, 7th Dist., Monroe Co.

Decided May 2, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff

**CHILDREN**

(100 L) In prosecution for failure to support minor child, conclusive presumption of legitimacy arises which cannot be overcome by other testimony in case to effect of absence of intercourse on part of husband, or adulterous relations by wife with other men.

**CRIMINAL LAW**

(190 F8) Presumption of parentage of child being conclusive, general presumption of innocence in criminal case must be subservient thereto.

To be the parent of the child is not, of itself, criminal or wrongful. Presumption of innocence, therefore, would apply directly and particularly to the proposition as to whether or not the child was neglected.

Not requisite to conviction that accused neglected child during entire period mentioned in indictment. Such neglect, to be sufficient, might be of portions of such time.

Permitting evidence of neglect during absence of child from state not prejudicial.

Refusal to admit evidence tending to show illicit relations between mother of child and another man during period of gestation not prejudicial error.

Error to Common Pleas.
Judgment affirmed.

Moore, Devaul & Moore, Woodsfield, for Boughner.

John K. Sawyers, Jr., Woodsfield, for State.

### STATEMENT OF FACTS

Plaintiff in error was indicted by the Grand Jury under Sec. 13008, for neglecting and refusing to provide one Gladys Rosetta Boughner with necessary and proper home, care, food and clothing, she, the said Gladys Rosetta Boughner, then and there being the legitimate child of the Plaintiff in Error under 16 years of age, from the 23d day of December, 1923, which was the date of her birth, until the commencement of these proceedings, to-wit, January 5th, 1927.

Subsequently, the cause came on for trial resulting in a verdict of guilty. A motion for a new trial was overruled, and a sentence of six months' imprisonment in the workhouse at Canton was imposed.

The Plaintiff in Error and his former wife, Mary L. Boughner, the mother of the child in question, were married June 18th, 1922, and it is the contention of the State that this child is the result of said marriage, and the legitimate child of the Plaintiff in Error.

Plaintiff in Error and his wife resided at Cameron in this county. The Plaintiff in Error was working at Benwood, West Virginia, and boarding in Bellaire, Ohio. He claims that he came home about the first of January, 1923, and says that on this occasion he had sexual intercourse with his wife, and that he never did thereafter have sexual relations with her.

He says that he was again home on March 4th, 1923, staying, at least, one night, and that his wife was at home, also. He further claims that on the 16th day of March, 1923, he discovered his wife and one Jerry Hartline, Jr., in the act of sexual intercourse. That he and his wife thereupon separated and never lived together afterwards. The child was born on the 23d of December, 1923.

It is the contention of the mother of the girl, his former wife, that the marital relations of these parties did not cease at the time claimed by the husband, but that they cohabited several times after he came home on or about the 16th of March, she fixing the date, however, as the 18th instead of the 16th day of the month.

There is no dispute, however, between the parties but that they were husband and wife,

and that he and she stayed at the home as late as the 16th of March, 1923.

ROBERTS, J.

It is admitted by counsel for Plaintiff in Error in effect that there is a conclusive presumption of the legitimacy of a child, unless impossibility of access of the husband be shown during the reasonable period of gestation. This is not, however, a correct statement of the rule. The reasonable period, as recognized by authorities, is 280 days, or substantially nine months, but the normal period of gestation varies from periods considerably shorter to considerably longer than that designated, so that the presumption should exist through such a length of time although considerably longer than the generally recognized period, as legitimacy might exist by reason of access of the husband.

Powell v. State ex. rel. Fowler, 84 OS. 165.

From the 18th day of March, the husand and wife had intercourse, according to her testimony, to the date of its birth, December 23d, would be 279 days, if figured correctly, or 281 days from the 16th of March, the date when the husband admits that he occupied the home, and that his wife was also there.

Under the rule established by the authority hereinbefore quoted from, a conclusive presumption of legitimacy arises which cannot be overcome by other testimony in the case to the effect of absence of intercourse on the part of the husband, or adulterous relations by the wife with other men.

It is claimed further in this connection, by counsel on behalf of Plaintiff in Error, that this being a criminal case, the Plaintiff in Error was presumed to be innocent until proven guilty beyond a reasonable doubt, and that this presumption was in conflict with the presumption of legitimacy, and, in fact, overcame such presumption of legitimacy. This contention is not well founded. The presumption of the parentage of the child being conclusive as held by the Supreme Court, the general presumption of innocence in a criminal case must be subservient thereto.

The Defendant below requested the Court to give to the jury four special requests, all of which were refused. Without taking time to quote them in full, they were to the effect that the jury would not be warranted in returning a verdict of guilty of the offense charged, during such period of time as the prosecuting witness, Mary L. Boughner, and her child, Gladys, made their home together in Benwood, West Virginia, and to the same effect during the period of time that they made their home in Belmont County, Ohio.

It is in evidence that shortly after the separation of the Plaintiff in Error and his wife, she went to West Virginia and there lived for some two years. Later, she lived some time in Belmont County, and for about six months lived in this County, part of which time, the child was in the Children's Home where she worked for its support without other compensation.

The indictment charging neglect covered the period of time from the birth of the child, December 23d, 1923, to the commencement of these proceedings, January 5th, 1927.

It is not requisite to a conviction that the Plaintiff in Error neglected, as charged, this child during the whole period mentioned, but such neglect, to be sufficient, might be of portions of such time, and concededly, she lived some six months in this County.

There was no error in the refusal of these requests. Permitting evidence concerning neglect during her absence from the State was not prejudicial. The jury simply returned a verdict of guilty, which it would have a right to do had she been in the State during the whole of the period, or only part of the period, during which such neglect was charged.

The essence of the offense charged is the neglect. To be the parent of the child was not of itself criminal or wrongful. The presumption of innocence, therefore, would apply directly and particularly to the proposition as to whether or not the child was neglected.

It is further complained that the Court erred in not permitting evidence tending to show illicit relations between the mother of the child, and another man during the period of gestation. This refusal of the Court was not prejudicial because of the conclusive presumption hereinbefore commented upon, that the husband under the circumstances, was the father of the child.

After a careful examination of this case and a consideration of the matters urged by counsel in connection therewith, we find no reversible error, and the judgment of the Court of Common Pleas is affirmed.

(Farr and Pollock, JJ., concur.)